STATE *v.* DANIEL SMITH.

Where the jury, after having retired to consider their verdict upon an indictment charg-
ing a statute offence, sent for, and procured, through the officer in attendance upon
them, a copy of the Revised Statutes for use in their deliberations, without the knowl-
edge and consent of the court or counsel, their verdict, convicting the defendant, was,
upon his motion, set aside, and a new trial granted to him.

THE defendant was convicted, at the present term of the
court, of keeping a certain common nuisance, to wit, a grog-
shop, tippling-shop, &c., at Providence; and now moved for a
new trial, on the ground, *first*, that the officer who attended the
jury, after the cause had been committed to them, did, at the
request of the jury, or of some one or more of them, before they
had agreed upon a verdict, and without the knowledge or con-
sent of the defendant, or of his counsel, or of the court, procure
and deliver to the jury, in the jury room, the Revised Statutes
of the state, for their information, guide, and instruction in the
cause; and, *second,* because the court refused to continue the
cause, upon the motion of the defendant, or to postpone the
trial of the same, under circumstances which were set forth in
the motion, but which it is not necessary to detail, as the judg-
ment of the court turned entirely upon the first cause set forth
in the motion.

It was agreed that the jury, after having been instructed by
the court in the law applicable to the case, did send, through
the officer in attendance upon them, and procure, a copy of the
Revised Statutes, for use in their deliberations upon the cause.

*Ripley,* for the defendant, cited, to the first ground for new
trial, Wharton's Crim. Law, 1015, and cases cited; *Burrows* v.
*Unwin,* 3 C. & P. 310; S. C. 14 Eng. C. L. Rep. 322; *State* v.
*Farrar,* 2 Ohio, 57; *Thompson* v. *Mallet,* 2 Bay, 94; *Lott* v.
*Macon,* 2 Strobh. 178, 410; *Whitney* v. *Whitman,* 5 Mass. 405;
*Sargent* v. *Roberts,* 1 Pick. 337; *Hix* v. *Drury,* 5 Ib. 296; *Sheaff*
v. *Gray,* 2 Yeates, 166, 273; *Lonsdale* v. *Brown,* 4 Wash. C. C.
R. 148; *Barrows* v. *Fish,* 6 Greenl. 141; *Paine* v. *Van Nat,*
1 Smith, 146; *Peacham* v. *Corbet,* 21 Verm. 515; *Taylor* v.

*Sarsley,* Walker, 97 ; *Walker* v. *Hunter,* 17 Geo. 364 ; 8 Barb. Sup. Ct. R. 46 ; Rev. Stats. ch. 164, § 26.

*Kimball,* attorney-general, for the state :—

It is irregular for the jury to take with them into the jury room any books or papers not put into the cause as evidence.

The delivery, by the officer in attendance to the jury, at their request, of the statute book which had been read from and commented upon by the counsel and court, during the trial, is not, however, a sufficient ground for a new trial. *Commonwealth* v. *Jenkins,* Thatch. Crim. Cas. 118 ; *United States* v. *Gilbert et al.* 2 Sumn. 21, 81, 82.

Ames, C. J. The line between the duties of a court and jury, in the trial of causes at law, both civil and criminal, is perfectly well defined ; and the rigid observance of it is of the last importance to the administration of systematic justice. Whilst, on the one hand, the jury are the sole ultimate judges of the facts, they are, on the other, to receive the law applicable to the case before them, solely, from the publicly given instructions of the court. In this way court and jury are made responsible, each in its appropriate department, for the part taken by each in the trial and decision of causes, and in this way alone can errors of fact and errors of law be traced, for the purpose of correction, to their proper sources. If the jury can receive the law of a case on trial in any other mode than from the instructions of the court given in the presence of parties and counsel, how are their errors of law, with any certainty, to be detected, and how, with any certainty, therefore, to be corrected ? It is a statute right of parties here, following, too, the ancient course of the common law, to have the law given by the court, in their presence, to the jury, to guide their decision, in order that every error in matter of law may be known and corrected. By chapter 164, sect. 26, the supreme court, and by chapter 165, sect. 13, the court of common pleas, are required, " in every case, civil and criminal, tried in said courts, with a jury," to " instruct the jury in the law relating to the same ;" and by other statutes, motions and petitions for new trial and bills of exceptions are provided, as the means by which these open instructions may be reviewed, for the correction of any errors into which the courts may have fallen in giving them.

The motion before the court is, in part, grounded upon a violation of this statute right by the jury who convicted this defendant. Notwithstanding they were fully instructed by the court in the law applicable to the statute offence on trial, in the presence of all interested, not-being satisfied, it would seem, they send for and obtain, without the knowledge of court, counsel, or parties, the statute book, for no other conceivable purpose than that they may understand and expound the statute for themselves.

It is unnecessary to say, that this book was the proper guide of the court in expounding the law of the case on trial to the jury, but not of the jury, without such exposition, suited to their doubts and difficulties, accompanying it. In *Burrows* v. *Unwin,* 3 C. P. 310, S. C. 14 Eng. C. L. Rep. 322, Lord Tenterden refused to allow the jury, who had sent for Selwyn's Law of Nisi Prius, to have the book, though the counsel on both sides expressly stated that they had no objection; his lordship saying, " The regular way is for the jury to come into court and state their question, and receive their law from the court; and for the sake of precedent that course should be adopted now." But, here, the jury sent for and obtained the book they wanted for use, ignorant, no doubt, of the impropriety of so doing, without the knowledge of the court, or of the defendant, or of his counsel, or of the attorney-general; receiving, as it were, their instruction in matter of law, not only from a source not open to them as jurors, but secretly, in the absence of parties and counsel, and without those checks and guards which the law places about trials for the security of the rights involved in them. In *Sargent* v. *Roberts,* 1 Pick. 337, a new trial was granted, because the judge who tried the cause, upon receiving, after the adjournment of the court, a letter from the foreman, informing him that the jury could not agree, and that they waited his directions, returned an answer in writing, that he was unwilling, after so much time had been consumed, to permit them to separate, and then proceeded, in his reply, to give them such directions as would enable them to reconsider the cause in a more systematic manner. It seems, from the opinion of the court, that this course was taken by the distinguished judge who tried

the cause, under the sanction of an old practice prevailing in Massachusetts, which allowed such communication between the court and jury in relation to a cause which had been committed to the jury, and about which they had difficulty in coming to an agreement; but to condemn a practice so dangerous to the rights of parties and so opposed to the spirit of the common law, which demand that everything given to a jury in relation to a case before them should be given in open court, in the presence of all interested or authorized, for criticism, for suggestion, to guard against injustice and error, and to afford the means of remedying or correcting them, the verdict was, after full hearing, set aside, and a new trial granted. In *Farrar* v. *The State of Ohio*, 2 Ohio, R. (N. S.) 54, 57, 58, 77, a new trial was granted, because it appeared that the jury, after the cause had been submitted to them, obtained and read a newspaper report of the charge delivered to them in the very cause which they were considering, although it was agreed that the report, in some parts condensed, was correct.

In short, without the aid of authority, if a party, and especially one criminally convicted, shows to us that so well defined a right of trial, as that the jury should receive the law of the case before them, solely, and openly, from the court, has been violated in his person, we dare not refuse him a new trial, to be conducted in the mode which the constitution, as well as the common and statute law, accords to him. If we did, he might well complain that in a criminal prosecution his trial had not been, in one particular, "public;" that, in matter of law, he had not had, in the full sense, "the assistance of counsel in his defence," or "the liberty to speak for himself;" and that he had been deprived of his liberty or his property in a mode unknown to the common law, or "the law of the land."

As for this cause the verdict must be set aside, and a new trial granted; it is unnecessary to consider the other ground for new trial, set down in the motion.     *New trial granted.*