ALEXANDER BROTHERS *vs.* ANSEL B. GARDINER.

After the defendant's counsel had left the court room, the jury came in and reported that its members differed on a question of fact and were unable to agree, whereupon the defendant being present, but his counsel absent, the presiding justice gave additional instructions to the jury, and caused the phonographic clerk to read to the jury his report of the defendant's evidence.
After verdict for the plaintiff :
*Held,* That the defendant had no ground for exception.

DEFENDANT'S PETITION for a new trial.

*October* 14, 1882. DURFEE, C. J. This is a petition for the new trial of an action recently tried in the Court of Common Pleas, in which there was a verdict for the plaintiff and judgment thereon.

The new trial is asked on the following grounds alleged in the petition, to wit : *First*, because after the jury had been charged and had deliberated nearly three hours, and while they stood seven for the defendant and five for the plaintiff, and had come into court and reported that they differed on a question of fact and were unable to agree, the judge, in the absence of the defendant's counsel, who was, however, accessible to the court, caused the phonographic clerk to read the defendant's testimony to the jury, no other testimony being read, and sent the jury out for further deliberation. *Second*, because the judge, after the jury so sent out had been out a long time, and were still differing as before stated, sent for them, and in the absence of the defendant's counsel, who was still accessible to the court, again summed up the defendant's testimony, and again instructed the jury in the law, and the jury, after the charge and the repetition of it, rendered a verdict for the plaintiff.

The petition does not allege that the report of the defendant's testimony, read by the phonographic clerk, was erroneous in any particular, nor that the instructions given by the court, at the second return of the jury, were erroneous, or differed in any particular from the charge originally given. And it is admitted that, though the defendant's counsel was absent, the defendant himself was present during the entire proceeding, and it is not alleged that he made any objection. The petitioner rests his claim for new trial solely on the ground that the proceeding was in violation of the rule of public policy, which requires that the trial of an action at law shall be conducted publicly in open court, and that the parties shall have an opportunity, at every stage of it, to be represented by counsel. *State* v. *Smith*, 6 R. I. 33.

We agree with the petitioner that the rule of public policy is as stated, but we do not agree with him that the rule was violated by the proceeding described. That proceeding took place publicly in open court. The defendant had a full opportunity to be represented by his counsel. It was not the fault of the court that he was not represented, but of the counsel himself, who saw fit to leave the court, the cause, and his client before the verdict was returned. It is no uncommon thing for a jury, after the charge and after retiring, to come back into court for further instruction,

or to be sent for and further instructed. Public policy requires for the interests of justice, that this freedom of conference between court and jury, should continue to exist until the conclusion of the trial. It ought not to be in the power of counsel to abridge or interrupt it by leaving court before the verdict. It is true the court does very often, if there be occasion after the charge to instruct the jury further, send for counsel if he is absent; and it is doubtless also true that the court will not, if it can easily avoid it, instruct the jury on any critical point, in the absence of counsel, further than to repeat the instruction which it has already given in his presence; but this is not because it is the right of the counsel to be sent for, but because the court is unwilling to give any instruction without affording him an opportunity to suggest corrections and additions, and to bring it for revision before the Supreme Court in *banc*. The sending for counsel is a favor or courtesy, not a duty, and, therefore, an omission to send for him is no ground for new trial. Indeed, the court has a right to suppose that counsel who leave the court, saying nothing, before the verdict, leave because they do not care to be present further during the trial. In order to a new trial in such a case, the court must do or say something which is in itself a cause for a new trial. Now in the case here the court did only two things; namely, gave the jury additional instruction and caused the phonographic report to be read. It will not be claimed that giving additional instruction was in itself cause for a new trial. Was the reading of the report cause for it? There is a statute which makes it the duty of the court to instruct the jury in the law, and which empowers the court to sum up the evidence whenever it deems it advisable. Pub. Stat. R. I. cap. 193, § 12. We think there can be no doubt that under this statute the court has authority in charging the jury to read the phonographic report, whenever it thinks it expedient to recapitulate the testimony in detail or with literal exactitude. What it can read itself it can have read by the reporter. And if the court can do this in its original charge, why can it not do it at any time if it thinks advisable, before the verdict? We see no reason why not. The report, whenever read, cannot control but only refresh the recollection of the jury. Nor do we think it material that only the testimony of the defendant was read. It is

the defendant who is asking for a new trial, and he can hardly be heard to complain of the reading of his own testimony if it was fairly and fully read.   Moreover, he was himself in court to protect himself from any unfairness, and made no objection.   He ought to show that he suffered some injustice from the reading before he has a new trial on account of it.   And he does not show that he suffered any injustice when he merely shows that the jury, which had previously stood seven in his favor, was influenced by his own testimony after hearing it read to return a verdict against him.                                   *Petition dismissed with costs.*

> *Charles A. Wilson,* for plaintiff.
> *Ziba O. Slocum,* for defendant.